IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JACQUELINE XAVIER,<br><br>　　Plaintiff,<br><br>v.<br><br>SAVANNAH-CHATHAM COUNTY PUBLIC SCHOOLS, and S. DENISE WATTS, SUPERINTENDENT, in her individual and official capacities<br><br>　　Defendants. | Civil Action No.  4:24-cv-259<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

COMES NOW, Jacqueline Xavier ("Plaintiff" or "Ms. Xavier"), by and through her undersigned counsel, and files this, her Complaint, and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against Defendant Savannah Chatham Public Schools ("Defendant") for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the

1

Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981"), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981 and 2000e-5(f)(3), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions precedent necessary to proceed with this cause of action under Title VII and the ADEA. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 28, 2023. The EEOC issued its Notice of Right to Sue on August 21, 2024. Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

5.

Plaintiff is an African-American female over the age of forty (40). She is subject to the jurisdiction of this Court.

6.

Defendant Savannah-Chatham County Public Schools ("Defendant" or "Schools" is a local political subdivision within the State of Georgia and this District and Division and employed twenty or more employees for each working day in each of twenty or more calendar weeks in 2021 and/or 2022.

7.

Defendant Schools is therefore an "employer" as defined under Title VII and the ADEA.

8.

Defendant S. Denise Watts is the Superintendent of the Savannah-Chatham County Public Schools and is sued in her individual and official capacities with regard to Plaintiff's claims under 42 U.S.C. Section 1981 and the Fourteenth Amendment, brought pursuant to 42 U.S.C. Section 1983.

9.

Defendants may be served with process by delivering a copy of the summons and complaint to the Superintendent, S. Denise Watts, at her place of employment at 208 Bull Street, Savannah, GA 31401.

## FACTUAL ALLEGATIONS

10.

Plaintiff (African-American) began working for Defendant on August 17, 2015, as an Administrative Secretary in the Academic Affairs Department.

11.

In June 2016, Plaintiff was promoted to Internal Audit Assistant.

12.

In January 2017, Plaintiff filed an EEOC charge (Charge No. 415-2017-00276) alleging discrimination by Savannah-Chatham Public Schools ("SCCPSS").

13.

Charge No. 415-2017-00276 was resolved through mediation in May 2017, resulting in a settlement that included a monetary payment and removal of negative evaluations.

14.

In August 2017, Plaintiff applied, interviewed and was hired for the School Board Paralegal position.

15.

In July 2020, Plaintiff was promoted to Legal Office Administrator, a position she continues to hold.  Beginning in December 2022, Plaintiff began requesting a position upgrade and reclassification based on her increased responsibilities and experience.

16.

In early 2023, in response to Plaintiff's request for position upgrade and reclassification, Assistant School Board Attorney David Brian Dennison, Plaintiff's immediate supervisor, told Plaintiff that he spoke to Human Resources on her behalf and was told by an HR representative that Superintendent Dr. Ann Levett was not allowing any raises or promotions for anyone in the district.

17.

Despite Dennison's claim that raises and promotions were banned, throughout 2023, multiple white employees all of whom were younger, received raises, position upgrades and promotions while Plaintiff's requests were denied.

18.

In July 2023, the new Superintendent, S. Denise Watts, reclassified her Executive Secretary's salary from a Manager Grade A5-M salary of $94,500 to a Director Grade A4 salary of $110,456.

19.

The Director Grade A4 job description listed a bachelor's degree as a requirement.

20.

Superintendent Watts's Executive Secretary did not have a bachelor's degree when she was promoted to Director Grade A4, despite the job's listed requirements. Superintendent Watts's Executive Secretary is white and substantially younger than Plaintiff.

21.

In November 2023, Plaintiff approached Dennison, about discriminatory practices in giving raises and/or promotions to younger white employees while she was not being afforded the same opportunities.

22.

Mr. Dennison promised to speak with Superintendent Watts and Chief of Human Resources Ramon Ray about her complaint.

23.

After Plaintiff questioned the pay increases, her SCCPSS internal BoardDocs access credentials were revoked. When she inquired about the revocation, she was told by Dennison that the Chief of Communications advised she no longer needed BoardDocs credentials for her job despite having had access since March 2017.

24.

BoardDocs is an internal document management and board meeting information system used by SCCPSS to post and access official school board documents, including personnel actions, salary adjustments, and board meeting agendas.

25.

On December 13, 2023, Mr. Dennison informed Plaintiff that Ms. Watts and Mr. Ray had indicated that Plaintiff would never be promoted, reclassified or given a pay increase, because she only had two more years until she retired so she could just deal with her circumstances as they were.

26.

Plaintiff, who was under sixty years of age at the time, had not expressed an intent to retire in two years or otherwise.

27.

On December 28, 2023, Plaintiff filed Charge Number 415-2024-00457 with the EEOC, for discrimination based on race and age.

28.

Despite the requirements of the settlement reached in Plaintiff's 2017 EEOC Charge No. 415-2017-00276, the negative evaluations that were ordered to be removed by SCCPSS remain in Plaintiff's personnel file. Defendant's agents, including Mr. Dennison, have repeatedly made derogatory references to her action in filing the 2017 EEOC Charge.

29.

The discriminatory and retaliatory treatment has caused Plaintiff to suffer severe emotional distress, resulting in her being hospitalized three different times.

30.

On May 3, 2024, Plaintiff applied to be the Executive Assistant to Superintendent Watts.

31.

On June 24, 2024, Plaintiff interviewed for the Executive Assistant position.

32.

Plaintiff's interview entailed no face to face or real time virtual exchange. Instead, it was two recordings: the first, a single question recorded by Superintendent Watts and sent to Plaintiff. The second, was Plaintiff's recorded response. No feedback or further communication took place.

33.

The opening for Executive Assistant to the Superintendent was filled by Michelle Finch, who previously held the position.

34.

Ms. Finch is younger than Plaintiff.

35.

Ms. Finch is white.

36.

Plaintiff received her Notice of Right to Sue from the EEOC for Charge No. 415-2024-00457 on August 21, 2024.

## CLAIMS FOR RELIEF

### COUNT I:  RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37.

Plaintiff re-alleges paragraphs 1-36 as if set forth fully herein.

38.

Defendant Schools actions in subjecting Plaintiff to less favorable terms and conditions of employment on the basis of her race (African-American) constitutes unlawful racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

39.

Defendant Schools has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

40.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

41.

As a direct and proximate result of Defendant Schools' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

42.

Accordingly, Defendant Schools is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II:  RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 AND THE FOURTEENTH AMENDMENT BROUGHT PURSUANT TO 42 U.S.C. SECTION 1983

43.

Plaintiff re-alleges paragraphs 1-36 as if set forth fully herein.

44.

Defendants' actions in subjecting Plaintiff to less favorable terms and conditions of employment by denying her opportunity for advancement because of her race constitutes unlawful discrimination on the basis of her race (African-American) in violation of 42 U.S.C. Section 1981, as amended, and the Fourteenth Amendment to the United States Constitution, which claims are brought pursuant to 42 U.S.C. Section 1983.

45.

The effect of the Defendants' racially discriminatory conduct has been to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

46.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

47.

As a direct and proximate result of Defendants' unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has suffered a loss in pay.

48.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

### COUNT III:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

49.

Plaintiff re-alleges paragraphs 1-34 as if set forth fully herein.

50.

Defendant Schools' actions in denying Plaintiff the opportunity to advance or receive higher compensation because of her age constitutes unlawful discrimination on the basis of her age in violation of ADEA, as amended.

51.

Defendant Schools has willfully and wantonly disregarded Plaintiff's rights, and this Defendant's discrimination against Plaintiff was undertaken in bad faith.

52.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her age.

53.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) Back wages caused by Defendants' racial and age discrimination against Plaintiff;

(b) General damages for mental and emotional suffering

(c) Punitive damages against Defendant Watts based on her willful, malicious, intentional, and deliberate racial discrimination, including ratification, condonation and approval of said acts;

(c) Liquidated damages against Defendant Schools for its unlawful age discrimination against Plaintiff.

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which she may be entitled.

Respectfully submitted this 19th day of November, 2024.

        **BARRETT & FARAHANY**

        s/ *Matthew C. Billips*
        Matthew C. Billips
        Georgia Bar No. 057110

        *Counsel for Plaintiff*
        *Jacqueline Xavier*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com