IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JACQUELINE XAVIER,

       Plaintiff,

       v.

SAVANNAH-CHATHAM COUNTY
PUBLIC SCHOOLS; and S. DENISE
WATTS, Superintendent, in her individual and
official capacities,

       Defendants.

CIVIL ACTION NO.: 4:24-cv-259

**O R D E R**

For the following reasons, the Court **GRANTS** Plaintiff's Corrected Motion for Partial Reconsideration of the Court's Order on Defendants' Motion to Dismiss the Amended Complaint.[1] (Doc. 29.)

The decision to grant a motion for reconsideration is committed to the sound discretion of the district court. Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). Motions for reconsideration are to be filed only when "absolutely necessary" where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003); Greene v. Bd. of Regents of Univ. Sys. of Ga., No. 4:21-CV-277, 2023 WL 5837501, at *29 (S.D. Ga. Sept. 8, 2023). "An

---

[1] The Court **DENIES AS MOOT** Plaintiff's original Motion for Reconsideration, (doc. 28).

error is not 'clear and obvious' if the legal issues are 'at least arguable.'" United States v. Battle, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (quoting Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)).  Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it "could have done it better" the first time.  Pres. Endangered Areas of Cobb's Hist., Inc. v. United States Army Corps of Eng'rs., 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996); Pottayil v. Thyssenkrupp Elevator Corp., 574 F. Supp. 3d 1282, 1301 (N.D. Ga. 2021).

In its August 20, 2025, Order, the Court assessed whether Plaintiff's claims could survive Defendants' motion to dismiss on a count-by-count—and at times, a paragraph-by-paragraph—basis. (Doc. 27.)  Plaintiff's Motion for Reconsideration only takes issue with one of the Court's rulings, the dismissal of Plaintiff's claims that Defendant Savannah Chatham County Public Schools ("the School District") denied her reclassifications and pay raises due to her race.  (Doc. 29.)  The Court analyzed the factual allegations supporting these claims and found that they failed to allege an adverse employment action.  (Doc. 27, pp. 13–15.)  Plaintiff argues that this ruling relied on precedent that was changed by the United States Supreme Court's decision in Muldrow v. City of St. Louis, 601 U.S. 346 (2024).  (Id. at pp. 5–9.)  She contends that, under Muldrow, the same allegations that the Court found supported her Title VIII retaliation claims also support her Title VII raise denial claims.  (Id. at pp. 8–9.)

Having carefully considered Plaintiff's Motion, (id.), Defendant's Response, (doc. 36), and Plaintiff's Reply, (doc. 50), the Court agrees with Plaintiff.  Plaintiff's Amended Complaint plausibly alleges that the School District violated Title VII by failing to reclassify Plaintiff's position and increase her pay because of her race. This claim is supported by the factual allegations

2

contained in Paragraphs 18 through 27 of the "Factual Allegations" section of Plaintiff's Amended Complaint. [2]  Therefore, the Court **GRANTS** Plaintiff's Motion for Partial Reconsideration, (doc. 29).  The Court reverses its decision granting Defendants' Motion to Dismiss this portion of Count I and reinstates this specific claim (violation of Title VII by failure to reclassify Plaintiff's position and to increase her pay because of her race).  The remainder of the Court's ruling remains undisturbed. [3]

      **SO ORDERED**, this 17th day of April, 2026.

      R. STAN BAKER, CHIEF JUDGE
      UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF GEORGIA

---

[2] However, as explained in the Court's prior Order, to the extent that Paragraph 18 alleges events that took place before July 1, 2023, those claims are dismissed because of Plaintiff's failure to exhaust administrative remedies as to those claims. (Doc. 27, pp. 8–9.)  Additionally, this Order does not disturb the dismissal of Plaintiff's putative failure to promote claim based on the allegations in Paragraphs 19 through 21. (Id. at pp. 12–13.) As the Court explained, Plaintiff did not allege that she applied for the Director Grade A4 Executive Secretary position. (Id.)  However, construing the Amended Complaint in Plaintiff's favor, these paragraphs plausibly allege that the Executive Secretary position was not an open position that Plaintiff could have applied to fill.  It appears the Superintendent's existing secretary was reclassified to a higher pay scale. (See doc. 10, pp. 13–14.)  Thus, the allegations in Paragraphs 19 through 21 can be used to support Plaintiff's claims that Defendants gave similarly situated white employees pay raises and reclassifications while denying Plaintiff's requests for the same.

[3] Specifically, as to Count I, this Order does not disturb the Court's dismissal of some of the claims for Plaintiff's failure to exhaust administrative remedies. (Doc. 27, pp. 6–10.)  Additionally, Plaintiff's Motion only asks the Court to revisit its ruling as to Count I. (Doc. 29, p. 9 ("Plaintiff respectfully requests that this Court RECONSIDER the portions of its Order dismissing Plaintiff's claims for discriminatory denial of raises in violation of Title VII (Count I).").)  Thus, while the Court's assessment of Count II relied on its analysis of Count I, (see doc. 27, pp. 15–17), the Court will not revisit its partial dismissal of Count II.